IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| RUSSELL POWELL, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>OUR DREAM PIZZA, INC.,<br><br>Defendant. | Civil Action No. 8-22-cv-02542-TMC<br><br>ORIGINAL COMPLAINT<br>(Individual and Collective Action) |

**ORIGINAL COMPLAINT—COLLECTIVE ACTION**

Plaintiff Russell Powell ("Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, for his Original Complaint—Collective Action against Our Dream Pizza, Inc. ("Defendant"), states and alleges as follows:

**I.    PRELIMINARY STATEMENTS**

1.    This is a collective action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendant for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the South Carolina Payment of Wages Act, 41-10-10, *et seq.* ("SCPWA").

2.    Plaintiff seeks declaratory judgment, monetary damages, liquidated damages, costs, and a reasonable attorneys' fee, as a result of Defendant's policy and practice of failing to pay Plaintiff sufficient wages under the FLSA and the SCPWA within the applicable statutory limitations period.

1

3. Upon information and belief, within the three years prior to the filing of the Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra*.

## II.     JURISDICTION AND VENUE

4. The United States District Court for the District of South Carolina has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. This Complaint also alleges violations of the SCPWA, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's SCPWA claims pursuant to 28 U.S.C. § 1367(a).

6. Defendant conducts business within the State of South Carolina.

7. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of South Carolina has personal jurisdiction over Defendant, and Defendant therefore "resides" in South Carolina.

8. A substantial part of the acts complained of herein were committed in and had their principal effect against Plaintiff within the Anderson Division of the District of South Carolina. Therefore, venue is proper pursuant to 28 U.S.C. § 1391.

## III.     THE PARTIES

9. Plaintiff is an individual and resident of Anderson County.

10. Defendant is a domestic, for-profit corporation.

11. Defendant's registered agent for service of process is Patrick Robert Smith, at 1006 North Mains Street, Anderson, South Carolina 29621.

## IV.     FACTUAL ALLEGATIONS

12.     Defendant owns and operates Domino's Pizza restaurants in South Carolina.

13.     Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Complaint.

14.     During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as vehicles, fuel and goods or materials typically used in the fast-food industry.

15.     Defendant employed Plaintiff within the three years preceding the filing of this lawsuit.

16.     Specifically, Defendant employed Plaintiff as an hourly-paid Delivery Driver from approximately July of 2016 until September of 2020.

17.     Defendant also employed other hourly-paid Delivery Drivers within the three years preceding the filing of this lawsuit.

18.     At all relevant times herein, Defendant directly hired Plaintiff and other Delivery Drivers to work on its behalf, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

19. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

20. Defendant classified Plaintiff as nonexempt from the overtime provisions of the FLSA.

21. Defendant also classified other Delivery Drivers as nonexempt from the overtime provisions of the FLSA.

22. Upon information and belief, Defendant applies or causes to be applied substantially the same employment policies, practices, and procedures to all Delivery Drivers at all of their locations, including policies, practices, and procedures relating to payment of minimum wages and reimbursement of automobile expenses.

23. Defendant is an "employer" within the meaning set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the proposed collective.

24. Plaintiff worked at two separate locations owned by Defendant.

25. Plaintiff and the other Delivery Drivers at Defendant's restaurants work "dual jobs." Specifically, they deliver food to Defendant's customers and receive tips, and they also work inside the store completing nontipped duties.

26. Defendant charges customers a delivery fee separate from the food charge, but the delivery charge is not paid to the driver per the Domino's Pizza website (www.dominos.com).

27. Defendant paid Plaintiff and other Delivery Drivers a rate at or close to minimum wage per hour for work performed while in the store and for time spent making deliveries.

28. Defendant requires Delivery Drivers to maintain and pay for operable, safe, and legally compliant automobiles to use in delivering Defendant's pizza and other food items.

29. Defendant requires Delivery Drivers to incur and/or pay job-related expenses, including but not limited to automobile costs and depreciation, gasoline expenses, automobile maintenance and parts, insurance, financing, cell phone costs, and other equipment necessary for delivery drivers to complete their job duties.

30. Pursuant to such requirements, Plaintiff and other Delivery Drivers purchased gasoline, vehicle parts and fluids, automobile repair and maintenance services, automobile insurance, suffered automobile depreciation, paid for automobile financing, and incurred cell phone and data charges all for the primary benefit of Defendant.

31. At all relevant times, Defendant has applied the same pay policies, practices, and procedures to all Delivery Drivers at their stores.

32. Defendant does not track Plaintiff's or other Delivery Drivers' actual expenses nor does Defendant keep records of all of those expenses.

33. Defendant does not reimburse Plaintiff and other Delivery Drivers for their actual expenses.

34. Defendant does not reimburse Plaintiff and other Delivery Drivers at the IRS standard business mileage rate.

35. Defendant does not reimburse Plaintiff and other Delivery Drivers at a reasonable approximation of Delivery Drivers' expenses.

36. Defendant does not reimburse Plaintiff and other Delivery Drivers for any expenses they incur while delivering Defendant's food.

37. All of Defendant's Delivery Drivers incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; were paid at or around minimum wage before deducting unreimbursed vehicle costs; and received no reimbursement for expenses.

38. According to the Internal Revenue Service, the standard mileage rate for the use of a car during the relevant time periods has been as follows:

> 2019:  58 cents/mile
> 2020:  57.5 cents/mile
> 2021:  56 cents/mile
> 2022:  58.5 cents/mile

39. As a result of the automobile and other job-related expenses incurred by Plaintiff and other similarly situated Delivery Drivers, they were deprived of minimum wages guaranteed to them by the FLSA.

40. Defendant's reimbursement policy has resulted in an unreasonable underestimation of Delivery Drivers' automobile expenses throughout the recovery period, causing systematic violations of the minimum wage laws.

41. Because Defendant paid Plaintiff and other Delivery Drivers a gross hourly wage at the applicable minimum wage, and because Plaintiff and other Delivery Drivers incurred unreimbursed automobile expenses and other job expenses, the Delivery Drivers "kicked back" to Defendant an amount sufficient to cause minimum wage violations. *See* 29 C.F.R. § 531.35.

42. In 2019, for example, Defendant under-reimbursed Plaintiff at a rate of $0.58 per mile, or in other words, the full amount of the 2019 IRS reimbursement rate because Defendant did not reimburse Plaintiff in any amount.

43. Thus, in 2019, if Plaintiff completed 2 deliveries per hour and if each delivery was 10 miles roundtrip, Plaintiff would have consistently "kicked back" to Defendant approximately $11.60 per hour ($0.58 per mile x 2 deliveries per hour x 10 miles per delivery).

44. Plaintiff regularly worked hours over 40 in a week, and in these weeks he did not receive a sufficient overtime premium because of the unreimbursed mileage expenses.

45. Other Delivery Drivers also regularly or occasionally worked over 40 hours in a week and also incurred overtime violations due to the unreimbursed mileage expenses.

46. In addition to his hourly wage, Plaintiff regularly received nondiscretionary bonuses.

47. Specifically, Plaintiff received a $1.00 bonus per delivery when he drove with a Domino's Pizza branded "car topper" attached to the roof of his personal vehicle ("advertising bonuses").

48. Upon information and belief, all or most Delivery Drivers received advertising bonuses.

49. The advertising bonuses are based on objective and measurable criteria such as whether the Delivery Driver drove with Defendant's car topper attached to his or her vehicle.

50. Plaintiff and other Delivery Drivers expected to receive the advertising bonuses and did in fact receive the advertising bonuses on a regular basis.

51. Defendant informed Plaintiff and other Delivery Drivers of the advertising bonuses upon hiring because the bonuses are part of Defendant's compensation package.

52. Defendant paid Plaintiff and other Delivery Drivers 1.5x times their base hourly rate for the hours they worked over 40 in a workweek.

53. Upon information and belief, Defendant did not include the advertising bonuses that were paid to Plaintiff and other Delivery Drivers in their regular rates when calculating their overtime pay, even though Plaintiff and other Delivery Drivers received bonuses in pay periods in which they also worked in excess of forty hours per week.

54. Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as nondiscretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

55. Upon information and belief, Defendant violated the FLSA by not including all forms of compensation, such the nondiscretionary bonuses of Plaintiff and other Delivery Drivers, in their regular rate when calculating their overtime pay.

56. Upon information and belief, Defendant's pay practices were the same for all Delivery Drivers who received advertising bonuses.

57. Upon information and belief, the pay practices that violate the FLSA alleged herein were the same at all of Defendant's restaurants.

58. Defendant knew or should have known that it was not paying Plaintiff and other Delivery Drivers sufficient minimum wages and overtime premiums.

59. Defendant has willfully failed to pay minimum wage and overtime premiums to Plaintiff and similarly situated Delivery Drivers.

## V.  REPRESENTATIVE ACTION ALLEGATIONS

60. Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are or will be employed by Defendant as similarly situated employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

A. Minimum wages for all hours worked;

B. Overtime premiums for all hours worked in excess of forty each week;

C. Liquidated damages; and

D. Attorney's fees and costs.

61. Plaintiff proposes the following collective under the FLSA:

**All Delivery Drivers in the last three years.**

62. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

63. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

9

64. The members of the proposed FLSA collective are similarly situated in that they share these traits:

A. They were classified by Defendant as nonexempt from the minimum wage and overtime requirements of the FLSA;

B. They had substantially similar job duties and requirements;

C. They were required by Defendant to incur expenses to maintain vehicles for delivery of Defendant's products;

D. They were subject to Defendant's common policy of not reimbursing Delivery Drivers for automobile expenses related to making deliveries for Defendant's restaurants;

E. They were eligible for and received nondiscretionary bonuses;

F. They worked over forty hours in at least one week in which they performed work related to a bonus; and

G. They did not receive a lawful minimum wage or overtime premium.

65. Plaintiff's claims are essentially the same as those of the putative collective.

66. Defendant's unlawful conduct is pursuant to a corporate policy or practice.

67. Plaintiff is unable to state the exact number of potential members of the FLSA collective but believes that the collective exceeds 100 persons.

68. Defendant can readily identify the members of the collective, who are a certain portion of the current and former employees of Defendant.

69. The names, addresses and cell phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be

provided to the FLSA collective action plaintiffs via text message, email, and first class mail to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

### VI.     FIRST CAUSE OF ACTION
**(Individual Claim for Violation of the FLSA)**

70.  Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

71.  At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

72.  At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

73.  29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

74.  During the period relevant to this lawsuit, Defendant classified Plaintiff as nonexempt from the overtime requirements of the FLSA.

75.  Despite the entitlement of Plaintiff to lawful overtime wages under the FLSA, Defendant failed to pay Plaintiff lawful overtime wages for all hours worked over forty each week.

76.  Defendant failed to pay Plaintiff a lawful minimum wage for all hours worked.

77.  Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

78. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VII.    SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

79. Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

80. At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

81. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and accompanying DOL regulations.

82. During the period relevant to this lawsuit, Defendant classified Plaintiff and all others similarly situated as nonexempt from the overtime requirements of the FLSA.

83. Despite the entitlement of Plaintiff and all others similarly situated to lawful overtime wages under the FLSA, Defendant failed to pay Plaintiff and all others similarly situated lawful overtime wages for all hours worked over forty each week.

84. Defendant failed to pay Plaintiff and all others similarly situated a lawful minimum wage for all hours worked.

85. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

86. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all others similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VIII.   THIRD CAUSE OF ACTION
### (Individual Claim for Violation of the SCPWA)

87. Defendant is an "employer" within the meaning of the SCPWA, S.C. Code Ann. § 41-10-10(1).

88. The SCPWA requires employers to pay employee's all wages due even with their pay date. S.C. Code Ann. § 41-10-40.

89. Defendant violated the SCPWA by failing to pay Plaintiff wages due within the applicable time period.

90. Defendant's failure to pay all wages due was willful and in bad faith.

91. Defendant is liable to Plaintiff for all wages due.

92. Plaintiff is entitled to an amount three times the full amount of the wages illegally withheld from him.

## IX.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Russell Powell, individually and on behalf of all others similarly situated, respectfully prays that Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

13

14

     A.     That Defendant be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

     B.     Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

     C.     A declaratory judgment that Defendant's practices alleged herein violate the FLSA, the SCPWA and the related regulations;

     D.     Judgment for damages owed to Plaintiff and others similarly situated under the FLSA, the SCPWA and the related regulations;

     E.     Judgment for liquidated damages owed to Plaintiff and others similarly situated pursuant to the FLSA, the SCPWA and the related regulations;

     F.     For a reasonable attorneys' fee, costs, and pre-judgment interest; and

     G.     Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

THE LAW OFFICES OF JASON E. TAYLOR, P.C.
115 Elk Avenue
Rock Hill, South Carolina 29730
Telephone: (803) 328-0898

*/s/ Jacob J. Modla*
Jacob J. Modla
Federal Bar ID No. 12639
jmodla@jasonetaylor.com

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040


Josh Sanford (*Pro hac vice* forthcoming)
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

*ATTORNEYS FOR PLAINTIFF*